Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE: 19-26233** |
| RUSSELL CARTER FELLER<br>JANELL KAYE FELLER | **CHAPTER 13** |
| **Debtors** | Hon. WILLIAM T. THURMAN |
| | Confirmation Hearing: 11/14/19  10:30 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

    1. The Debtors filed a Chapter 13 petition for relief on August 25, 2019 and the First Meeting of Creditors under section 341 was continued and held on October 18, 2019.

    2.  The plan was not served on all parties-in-interest as required by Fed R. Bankr. P. 2002(a) and 3015(d).

    3.  The Debtor(s) have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

4. The Debtor(s) failed to timely open a separate bank account for the withholding of state and federal taxes from wages of employees, payment of FICA and FUTA, unemployment insurance, and any other tax the Debtor(s) are required to collect and remit; and the Debtor(s) failed to notify the IRS and USTC of the location and account numbers of the respective trust accounts (see Local Rule 6070-1(a)(1)-(3)).

5. Schedule A/B fails to fully disclose and value the following property of the estate: Business value.

6. The Debtor(s) failed to produce at the 341 Meeting statements from their financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(A)). Statement provided for US Bank account ending 4537 does not cover the petition date.

7. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Chartway Credit Union, second mortgage, Selene Finance, first mortgage, and Dammeron Valley Landowners Association, Judgment lien.

8. It appears that the Debtor(s)' Current Monthly Income (as that term is defined by § 101(10A)) is greater than what is disclosed on Form 22C. The Trustee requests the Debtor(s) provide the book end pay advices or evidence of income used to calculate the Form 22C.

9. The Trustee projects that the Debtor(s) direct payment(s) to satisfy auto loan(s), will end within 60-months. The Debtor(s) should provide the Trustee with evidence as to the loan balance(s) as of the petition date, and propose to increase the plan payment by the same amount as the loan repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

10. Schedules I & J show net disposable income that is **greater** than the plan payment. Therefore, the plan and/or Schedules I & J should be amended so that the plan payment is equal to the disposable income on Schedule J.

11.  The Debtor(s) have failed to list on Schedule J a monthly expense of for vehicle insurance and vehicle loan payment.

12.  The Debtor(s) are engaged in business under § 1304, and it appears that they have not provided for the quarterly payment to the IRS of self-employment taxes. The failure to pay such taxes may result in a post-petition tax liability which may make it difficult to make payments under the Plan. The Trustee request verification of a segregated bank account to hold such self-employment taxes. The Trustee may request status updates on the quarterly payments being made or continued to be held in the segregated bank account.

13.  The Trustee requests the Debtor(s) provide proof of ongoing income.

14.  The Trustee objects to the Plan because it fails to include contribution of tax refunds in Part 2.3.

15.  The Trustee objects to the language in Part 8.1 (11) of the plan relating to the sale of real property as the creditors that Debtor(s) are proposing to repay have not been identified.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan.  If the Debtors are unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: October 24, 2019            Tami Gadd-Willardson
                                   Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on October 24, 2019:

RUSSELL CARTER FELLER and JANELL KAYE FELLER, 885 NORTH OLD FARMS ROAD,DAMMERON VALLEY, UT  84783

JANELL KAYE FELLER, 885 NORTH OLD FARMS ROAD, DAMMERON VALLEY, UT  84783

RED ROCK LEGAL SERVICES, PLLC, ECF Notification

/s/ Helen Doherty